JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WILLIAM R. PLETCHER (CABN 212664)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3689
   Fax: (510) 637-3724
   E-Mail: Will.Pletcher@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>    Plaintiff, ) <br>   v. ) <br> JUAN RAMIREZ-CRUZ, ) <br>   a/k/a "Juan Ramirez," ) <br>    Defendant. ) | No. CR 10-00130 DLJ <br><br> [~~PROPOSED~~] ORDER DETAINING DEFENDANT JUAN RAMIREZ-CRUZ <br><br> Date:   March 1, 2010 <br> Time:  10:00 a.m. <br> Court:  Hon. Laurel Beeler |

## I. DETENTION ORDER

Defendant Juan Ramirez-Cruz is charged in a one-count indictment with illegally re-entering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b).  On February 26, 2010, the United States moved for Mr. Ramirez-Cruz's detention pursuant to 18 U.S.C. § 3142(f)(2)(A) (because there is a serious risk that the defendant will flee), and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f).  Following a hearing under 18 U.S.C. § 3142(f), and considering the parties' proffers, Pretrial Services' report, and the factors set forth

[~~PROPOSED~~] DETENTION ORDER
No. CR 10-00130 (DLJ)         1

in 18 U.S.C. § 3142(g), the Court detains Mr. Ramirez-Cruz as a serious risk of flight and finds that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance in this case. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Specifically, considering the factors in 18 U.S.C. § 3142(g), the Court notes that Mr. Ramirez-Cruz's criminal history includes two firearms convictions. Furthermore, Mr. Ramirez-Cruz is subject to an immigration detainer issued by Immigration and Customs Enforcement ("ICE") based on the facts alleged in the indictment: namely, that he re-entered the United States after having been removed pursuant to an order of removal. These facts, along with the lack of information about Mr. Ramirez-Cruz's ties to the community, raise concern about the risk of Mr. Ramirez-Cruz's flight and his ability to comply with any conditions of release that the Court might set. Accordingly, the Court finds that the government has established flight risk by a preponderance of the evidence.

Mr. Ramirez-Cruz did not request a full bail study at this time, such as an interview by Pretrial Services. *See* 18 U.S.C. § 3142(f) (a defendant has the right at a Section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer or otherwise). Mr. Ramirez-Cruz expressly retained his right to raise any additional relevant information at a later hearing.

## II.  CONCLUSION

The Court detains Mr. Ramirez-Cruz as a serious flight risk. Because Mr. Ramirez-Cruz waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Mr. Ramirez-Cruz's request at any future time.

Mr. Ramirez-Cruz is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id*. § 3142(i)(3). On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id*. § 3142(i)(4).

IT IS SO ORDERED.

DATED: March 3, 2010

LAUREL BEELER
United States Magistrate Judge